# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re Jeannie Marie Lindskog, ) | |
| ) | |
| ) | |
| ) | CASE NO. 2: 11-CV- 00476-CNC |
| Jeannie Marie Lindskog, ) | Appeal from Bankruptcy Court |
|     Debtor-Appellant, ) | Chapter 13 |
|   v. ) | |
| ) | |
| BMO Harris Bank N.A., as successor to ) | |
| M & I Marshall & Ilsley Bank ) | Bankruptcy Case No. 10-27037-jes |
|     Creditor-Appellee. ) | Adv. Pro. No. 10-02278-jes |

---

## APPELLANT'S REPLY BRIEF
---

On Appeal From the Decision and Order Entered In the United States Bankruptcy Court, Eastern District of Wisconsin, Honorable James E. Shapiro, filed on April 13, 2011
---

**LAKELAW**
**Attorneys for the Debtor-Appellant**

By: David P. Leibowitz (State Bar No. 1058663)
Ryan Blay (State Bar No 1076006)

6905 Green Bay Road, Suite 101
Kenosha, WI 53142
Telephone: 262-694-7300
Fax: 262-694-7301
E-mail: dleibowitz@lakelaw.com;
E-mail: rblay@lakelaw.com

1

## TABLE OF CONTENTS

I. ARGUMENT……………………………………………………………..4

    A. BMO Harris Bank N.A. Failed to Provide Any Bankruptcy Code Text Barring Lien Avoidance In A No-Discharge Chapter 13 …….…………...4

    B. Lien Avoidance in Chapter 13 is Permitted – Lien Avoidance in Chapter 7 is Not Sought nor is it Implicated Here…………………………..…......….5

    C. *In Re Anderson* Provides More Support For The Growing Trend Of Allowing Lien Avoidance In No-Discharge Chapter 13 Cases ………..…6

    D. Judge Randa's Decision, While Not Binding, Should be Treated as Highly Persuasive in the Same District Court…..…………………….....…………..7

II. CONCLUSION…………………………………………………………..8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Harris, N.A., (In re Anderson)*, 10 A 02467 (ND IL. June 28, 2011)……………..…6

*Colby v. J.C. Penney Co., Inc.,* 811 F.2d 1119, 1124 (7th Cir. 1987)……………………….....7

*Dewsnup v. Timm*, 502 U.S. 410 (1992)………….……………………………..…....………4

*Fair v. GMAC Mortgage LLC (In re Fair)*, 10-cv-01128 (RTR) (ED WI, April 19, 2011)………5

*In re Okosisi,* No. BK-S-09-27113-BAM, 2011 WL 2292148 (Bankr. D. Nev. May 16, 2011)…6

**Statutes**

11 U.S.C. §506(d)………………………………………………………………………………....5

11 U.S.C. §1328(f)……………………………………...……………………………………….4

**ARGUMENT**

**A. BMO Harris Bank N.A. ("BMO" or "M&I") Failed To Provide Any Bankruptcy Code Text Barring Lien Avoidance In A No-Discharge Chapter 13 Case**

In their Appellee's Brief, BMO argued that the text of the Bankruptcy Code ("the Code") does not permit lien avoidance in cases such as Lindskog's, where a discharge is not available through Chapter 13. In support of this claim, BMO cites the United States Supreme Court case of *Dewsnup v. Timm*, 502 U.S. 410 (1992), and §1328(f) of the Bankruptcy Code. (Brief of Appellee, P. 10-11).

As BMO correctly notes, *Dewsnup* addressed a different point entirely, whether a Chapter 7 debtor could avoid a lien under §506 of the Code. The Court did hold that such relief was not available to the Chapter 7 debtor. *Dewnsup*, 502 U.S. 410, 420. However, this pre-BAPCPA case, while useful in an analysis of the mechanisms of lien avoidance, is not directly on point. Lindskog did not seek an avoidance of BMO's lien in her Chapter 7 bankruptcy filing. Rather, she is employing the mechanisms of Chapter 13.

Section 1328(f) of the Code, which prohibits discharges in Chapter 13 bankruptcies if the debtor has received a prior discharge in Chapter 7, 11, or 12 during the prior 4-year period preceding filing, or a prior discharge in Chapter 13 within 2 years, is also pertinent to Lindskog's Chapter 13 filing, but not this adversary. As described in Appellant's Brief, Lindskog is not seeking a discharge; she is seeking lien avoidance available to all Chapter 13 debtors under §506 of the Code. Nothing in the text of the Code or in the *Jarvis* line of decisions barring lien avoidance in these cases has ever been able to cite any specific text mandating the need for a discharge in order to participate in lien avoidance. Instead, the arguments follow BMO's flawed logic: citing *Dewsnup*, presenting §1328(f) to argue that Congress intended to eliminate all Chapter 13 benefits in enacting the bar on discharges in specific circumstances, and use the

combination of the two to gloss over the plain language of the code. Plainly, the Code does not prohibit a debtor from filing a Chapter 7 bankruptcy, then filing a Chapter 13 bankruptcy in good faith to utilize its advantages. If Congress wished for this to happen, it could easily have barred filings altogether until a discharge was available. Instead, Congress chose to enact §1328(f). The Code Congress revised does bar lien avoidance in Chapter 7, left untouched prior practice permitting Chapter 13 lien avoidance.

**B	Lien Avoidance in Chapter 13 is Permitted – Lien Avoidance in Chapter 7 is Not Sought nor is it Implicated Here**

In *Dewsnup,* the Court held that "respondents' claim is secured by a lien and has been fully allowed pursuant to §502. *Dewsnup,* 502 U.S. at 417. The effect of this is to maintain the undisputed fact "that liens pass through bankruptcy unaffected." *Id.* In Lindskog's case, however, this would not apply. She does not argue that the Chapter 7 Bankruptcy discharged BMO's *in rem* claim. Rather, she has staked the position now growing across the country that such claims are wholly unsecured, pursuant to §506(d), and thus eliminated in the Chapter 13 case at bar.

Alternatively, Judge Randa's position in *Fair v. GMAC Mortgage,* 10-cv-01128 (RTR) (ED WI. April 19, 2011), permitting lien stripping through §1322(b), ultimately would revert back to §506(d) to treat a claim such as BMO's as wholly unsecured and thus available to be modified under §1322. Neither §1322 nor confirmation of a plan under §1325 requires a discharge. Therefore, the analyses above both permit Lindskog to obtain the relief she seeks.

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

5

## C. *In Re Anderson* Provides More Support For The Growing Trend Of Allowing Lien Avoidance In No-Discharge Chapter 13 Cases

A recent ruling from the Northern District of Illinois Bankruptcy Court, citing Judge Randa's decision in *In re Fair,* refused to dismiss an adversary procedure in nearly identical circumstances to Lindskog's. *Anderson v. Harris, N.A., (In re Anderson)*, 10 A 02467 (ND IL. June 28, 2011), see attached as Exhibit A. In this bankruptcy, the debtor filed an adversary proceeding against Harris, N.A., the junior lienholder on her homestead. *Id.* While Judge Goldgar did not have a published opinion, he did present the transcript of the hearing in which he followed the line of reasoning from *In re Fair* and *In re Okosisi*, No. BK-S-09-27113-BAM, 2011 WL 2292148 (Bankr. D. Nev. May 16, 2011).

Judge Goldgar's basis for denying the dismissal of the adversary followed several key points echoed in what has been known as the minority position, although this is trending towards the majority: First, Section 1328(f)(1) doesn't address the treatment of secured or unsecured claims in a plan, but is only concerned with the availability of discharge. *Anderson*, Tr. At 8. Second, nothing conditions the confirmation in Section 1325(a) on discharge. *Id.* at 9. Third, nothing in §1328 or other sections of the code addresses some Courts' distaste for what has been dubbed a "De facto discharge" if a debtor is permitted to avoid liens in Chapter 13 after filing under Chapter 7. *Id.* at 10-11.

While originally denied on questionable legal grounds, the growing trend recognizes the solid legal authority and logic which compels allowing lien stripping in Chapter 13 irrespective of whether a discharge is available in the Chapter 13 case.

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

**D.     Judge Randa's Decision, While Not Binding, Should be Treated as Highly Persuasive in the Same District Court**

Courts such as Judge Goldgar's have recognized the significance of Judge Randa's ruling.  While BMO maintained that the bankruptcy court below considered the *Fair* decision along with the briefs submitted by the parties, and found the district court's reasoning unpersuasive (Brief of Appellee, P. 6), this is inaccurate.

Judge Shapiro issued his decision and order on April 13, 2011.  This Decision (See Dkt #1, Notice of Appeal From Bankruptcy Court).  In his decision, Judge Shapiro noted Judge Pepper's decision in the bankruptcy court in favor of the creditor (See Decision of April 13, 2011, P. 5, fn 3), but did not address Judge Randa's decision reversing Judge Pepper.  This is because Judge Randa's decision was issued on April 19, 2011.  While it is true that Judge Shapiro declined to reverse his ruling *sua sponte*, he made no analysis of Judge Randa's opinion, opting instead to allow this Court to rule on the issue presented.

BMO offers two reasons why Judge Randa's opinion should be set aside:  first, that the *Colby v. J.C. Penney Co., Inc.* case, 811 F.2d 1119, 1124 (7th Cir. 1987) allows District Court judges to disagree with their brethren and offer multiple decisions on the issue presented, and second, that the creditor GMAC in the *Fair* decision did not participate in briefing.  (Brief of Appellee, P. 9).

Judge Randa's decision is the first District Court decision on this topic in a fiercely contested body of law.  The opinion does not have to be binding but with the benefit of years of bankruptcy court analysis of the lien stripping issue, is certainly among the most comprehensive and persuasive opinions available.

The fact that GMAC declined to pursue its option to brief the issue in front of this Court[1] does not detract from the considerable materials available to Judge Randa and to future judges

---

[1] Judge Pepper issued the underlying decision in *Fair sua  sponte*, as GMAC did not participate in the adversary proceeding.

in issuing opinions on this topic. Bankruptcy courts across the nation have staked competing decisions, and *amicus* briefs from organizations such as the National Association of Consumer Bankruptcy Attorneys lend to the academic integrity of the decisions rendered. Without any textual or policy arguments to contradict the reasoning of Judge Randa and the bankruptcy court judges who have permitted lien stripping in this situation, their opinions hold the greater reasoning and support of the Bankruptcy Code.

As stated above, there is no textual support in the code for requiring a discharge in order to effectuate the lien stripping. There are many situations in which a debtor could complete the plan but fail to receive a discharge. One such instance is when the debtor falls under Section 1328(f) and is ineligible for a discharge. This is exactly the instance Lindskog faces. Another situation which may be more common is when the debtor makes every monthly payment required under the plan but fails to complete the required course in Personal Financial Management. In failing to do so, the debtor has finished the required plan payments that constitute the reorganization plan but would not have the benefit of a discharge that most debtors in this situation would enjoy.

In such a situation, with the plan completed, the wholly unsecured lien on a mortgage could still be avoided through the confirmation order and satisfaction of its requirements. This constitutes another reason why the discharge is not required – because it indicates the release of the bankruptcy as a whole versus the satisfaction of the debtor's financial obligations under Chapter 13.

## CONCLUSION

The Bankruptcy Code was revamped in 2005 to prevent, in part, repeated filings by debtors in short periods of time. When §1328 was enacted, it addressed this issue, and left untouched the ability of debtors in Chapter 13 to avoid liens, with or without the availability of a discharge. A decision reaffirming the rights of the debtor to utilize the mechanisms of Chapter 13 in good faith would support the Code, public policy, and practicality.

8

Dated: July 28, 2011

                Respectfully Submitted,

                ____/s/ Ryan Blay_____
                David P. Leibowitz
                Ryan Blay

                Lakelaw
                6905 Green Bay Road, Suite 101
                Kenosha, WI  53142
                Telephone:  262-694-7300
                Fax:  262-694-7301
                dleibowitz@lakelaw.com; rblay@lakelaw.com
                State Bar Nos. 1058663 and 1076006

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, swears that he did serve a true and accurate copy of the Appellant's Reply Brief  to :

Eric Teske, Bass & Maglowsky, attorneys for Creditor-Appellee

501 West Northshore Drive, Suite 300

Milwaukee, WI  53217

The above was served via CM/ECF electronic notice, via United States Mail, First Class, Proper Postage pre-paid, and by e-mail to eteske@ basmog.com

 Dated July 28, 2011 at Kenosha, Wisconsin

                By:  _____/s/ Ryan Blay_____
                      Attorney Ryan Blay
                      State Bar No. 1076006