UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JEANNIE MARIE LINDSKOG,

    Appellant,

    v.                                    Case No. 11-C-0476

M&I BANK,

    Appellee.

AMENDED DECISION AND ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT AND DISMISSING APPEAL

    Four years after her chapter 7 discharge in the United States Bankruptcy Court of the Northern District of Illinois, appellant, Jeannie Lindskog, filed a Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Wisconsin. Soon thereafter, Lindskog filed an adversary proceeding in which she sought to avoid a wholly unsecured junior mortgage lien held by M&I Marshall & Ilsley Bank.[1] M&I moved to dismiss the adversary proceeding asserting that Lindskog could not utilize 11 U.S.C. § 506(d) to strip off a second mortgage lien regardless of whether it was without equity because she was ineligible to receive the Chapter 13 discharge.

    On April 13, 2011, the bankruptcy court granted M&I's motion to dismiss. Now, the case is before this court on Lindskog's appeal of that decision.

    When considering an appeal from the bankruptcy court's judgment, a district court applies two standards of review: one for findings of fact and the other for conclusions of law. *Grossman v. Sawdy*, 384 B.R. 199, 201 (E.D. Wis. 2008). The district court reviews

---

[1]BMO Harris Bank N.A. is the successor to the second mortgage lien held by M&I.

the bankruptcy court's findings of fact for clear error whereas conclusions of law are reviewed de novo. *Ojeda v. Goldberg*, 599 F.3d 712, 716–17 (7th Cir.2010)

FINDINGS OF FACT

Lindskog, a Wisconsin homeowner and resident, also maintains a domicile in Chicago, Illinois, as a condition of her employment as a teacher in Chicago. (Doc. 1 at 37). On August 16, 2005, Lindskog executed and delivered a second mortgage securing a $100,000.00 home equity line of credit to M&I Marshall & Ilsley Bank on her property located at 39610 Lake Park Court, Powers Lake, Wisconsin, 53139. (Doc. 1 at 24).

On May 17, 2008, Lindskog filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Northern District of Illinois, Case No. 08-12661. (Doc. 1 at 24). She did not reaffirm her mortgage debt on the Powers Lake real estate, and was granted a bankruptcy discharge on August 19, 2008. (Doc. 1 at 24).

On April 29, 2010, Lindskog filed a Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Wisconsin, Case No. 1-27037-jes. (Doc. 6 at 6). The proposed amended Chapter 13 plan called for the payment of almost $43,000 over a five-year period. (Doc. 5 at 6). The total unsecured claims anticipated were less than $20,000. (Doc. 5 at 6). However, the proposed plan would have avoided the second mortgage lien held by M&I. (Doc. 6 at 6). After M&I objected, Lindskog filed an adversary complaint seeking to have the lien declared void. (Doc. 6 at 6).

CONCLUSIONS OF LAW

Whether a Chapter 13 debtor who is ineligible for a discharge may strip off wholly unsecured junior liens within four years of a Chapter 7 is an issue that has been the subject of numerous conflicting decisions across the country. Some courts hold that lien

2

stripping is impermissible because it amounts to a de facto discharge. *In re Jarvis*, 390 B.R. 600, 606 (Bankr. C.D. Ill. 2008); In *re Blosser*, 2009 WL 1064455 (Bankr. E.D. Wis. April 15, 2009). These cases rely on *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992), where the United States Supreme Court held that debtors could not avoid a creditor's lien under 11 U.S.C. § 506(d). They also cite the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA"), 11 U.S.C. § 1328(f), wherein Congress imposed a four-year waiting period on Chapter 7 debtors before they are again eligible for a Chapter 13 discharge. Conversely, other courts allow lien stripping after plan consummation without a discharge, *In re Frazier v. Real Time Resolutions, Inc.*, 469 B.R. 889 (Bankr. E.D. Cal. 2012), or because nothing in the Bankruptcy Code prevents it. *In re Tran*, 431 B.R. 230 (Bankr. N.D. Cal. 2010); *In re Hill*, 440 B.R. 176 (Bankr. S.D. Cal. 2010); *In re Fair*, 450 B.R. 853 (E.D. Wis. 2011).

Lindskog, whose home is worth less than the first mortgage lien, argues that the Bankruptcy Code mandates the elimination of a fully unsecured lien in Chapter 13 without regard to discharge. Indeed, in a Chapter 13, the debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security intrest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims ...." § 1322(b)(2). Lindskog relies on *Fair* for its holding that "Congress did not intend to prevent lien stripping through § 1328 (f)(1), and it is inaccurate to characterize lien stripping as a de facto discharge under the bankruptcy code." 450 B.R. at 857.

3

Having thoroughly reviewed the split of authorities and underlying Code provisions, the court adopts the reasoning of *Jarvis*, 390 B.R. at 606. To hold otherwise would allow the debtor to accomplish through the Chapter 13 what was not allowed in the Chapter 7 and undermine Congressional intent. With the enactment of BAPCPA, a debtor can only receive the Chapter 13 discharge four years after the Chapter 7 proceeding. Indeed, the Sixth Circuit Court of Appeals has written that Congress, in overhauling the Bankruptcy Code in 2005, was acting to limit a debtor's ability to obtain multiple discharges by filing one bankruptcy proceeding after another. *In re Sanders*, 551 F.3d 397, 399 (6th Cir. 2008). This court agrees.

Based on the plain language of § 1328(f), Lindskog did not qualify for a Chapter 13 discharge having received a Chapter 7 discharge within four years of filing. Stripping off the wholly unsecured lien on Lindskog's Wisconsin residence amounts to a de facto discharge and undermines Congress's desire to prevent debtors from exploiting loopholes in the bankruptcy system at the expense of other entities. H.R. Rep. 109-31(I) Pt. 1 at 5. Now, therefore,

IT IS ORDERED that the decision of the bankruptcy court is affirmed.

IT IS FURTHER ORDERED that this appeal is dismissed.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE